UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MONTGOMERY,

        Plaintiff,

v.

        Case No.: 19-10130
        Honorable Gershwin A. Drain

GORE MUTUAL INSURANCE
COMPANY,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#12]

### I. INTRODUCTION

Presently before the Court is the Defendant/Counter-Plaintiff Gore Mutual Insurance Company's Motion for Summary Judgment, filed on May 6, 2019. Plaintiff/Counter-Defendant James Montgomery filed a Response on June 9, 2019.[1] Gore Mutual filed a Reply on June 20, 2019. The parties have also filed supplemental briefs. A hearing on this matter was held on August 16, 2019. For

---

[1] Plaintiff filed a "Response and Counter Motion for Summary Judgment." This was improper. *See* E.D. Mich. R5(f), Electronic Filing Policies and Procedures ("A complaint must not be combined with a motion for preliminary relief *and a response or reply to a motion must not be combined by a counter-motion*.") (emphasis supplied). As such, Plaintiff's Counter Motion for Summary Judgment is not properly before this Court.

the reasons that follow, the Court will deny Defendant's Motion for Summary Judgment.

## II. FACTUAL BACKGROUND

The instant action stems from an automobile accident occurring in Flint, Michigan on January 16, 2008. Montgomery, a Michigan resident, was the front seat passenger of a 1992 Pontiac van operated by Faith Hurst of Windsor, Ontario and insured by Gore Mutual. Plaintiff suffered serious injuries, including neck, back and traumatic brain injury, vestibular dysfunction, depression, anxiety and post-traumatic stress disorder.

Plaintiff did not own a vehicle with insurance on the date of the accident, therefore he made a claim through Hurst's policy. Gore Mutual has filed a written certification with the State of Michigan that all auto insurance policies that it sold would be subject to the Michigan No-Fault Act. Gore Mutual gave Montgomery the option of selecting Michigan or Ontario coverage. On March 4, 2008, Montgomery selected Michigan coverage under the No-Fault Act.

Gore Mutual stopped making benefits payments on January 30, 2018. As of that date, Gore Mutual had paid a total of $984,776.91 in benefits to or on behalf of Montgomery. Montgomery filed the instant action on January 14, 2019 seeking to recover PIP benefits incurred after January 30, 2018.

## III. LAW & ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) "directs that summary judgment shall be granted if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998) (quotations omitted). The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505.

### B. Mich. Comp. Laws § 500.3163

Defendant argues that an out-of-state insurer is only liable for up to $500,000.00 in personal and property protection (PIP) benefits for accidental bodily injury arising out of an accident involving the out-of-state insurer's nonresident insured under MICH. COMP. LAWS § 500.3163(4). Plaintiff counters

3

that the statutory cap set forth in subsection (4) applies only to nonresident claimants, not Michigan residents. Therefore, because Plaintiff is a Michigan resident, the statutory cap set forth in MICH. COMP. LAWS § 500.3163(4) is inapplicable to Plaintiff's claim for PIP benefits.

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. *Douglas v. Allstate Ins. Co.*, 492 Mich. 241, 255-56; 821 N.W.2d 472 (2012). "The first criterion in determining intent is the language of the statute." *Tevis v. Amex. Assur. Co.*, 283 Mich. App. 76, 81; 770 N.W.2d 16 (Mich. Ct. App. 2009). "If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written." *Id*. If reasonable minds could disagree as to the meaning of the statute, "judicial construction is appropriate." *Id*. It is only appropriate for the court to look to other factors to determine intent when the statutory language is ambiguous. *Id*. "A liberal construction in favor of the public and the policyholders is preferred when the statute involved is an insurance law." *Id*.

Defendant maintains that the plain language of the statute, Michigan case law, and the legislative history of subsection (4) compels the conclusion that an out-of-state insurer is only liable for the amount of ultimate loss sustained up to the $500,000.00 cap. MICH. COMP. LAWS § 500.3163 states:

(1) An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, is subject to the personal and property protection insurance system under the act.

(2) A nonadmitted insurer may voluntarily file the certification described in section (1).

(3) Except as otherwise provided in subsection (4), if a certification field under subjection (1) or (2) applies to accidental bodily injury or property damage, the insurer and its insureds with respect to that injury or damage have the rights and immunities under this act for personal and property protection insureds, and claimants have the rights and benefits of personal and property protection insurance claimants, including the right to receive benefits from the electing insurer as if it were an insurer of personal and property protection insurance applicable to the accidental bodily injury or property damage.

(4) If an insurer of an out-of-state resident is required to provide benefits under subsection (1) to (3) to that out-of-state resident for accidental bodily injury for an accident in which the out-of-state resident was not an occupant of a motor vehicle registered in this state, the insurer is only liable for the amount of ultimate loss sustained up to $500,000.00. Benefits under this subsection are not recoverable to the extent that benefits covering the same loss are available from other sources, regardless of the nature or number of benefit sources available and regardless of the nature or form of the benefits.

MICH. COMP. LAWS § 500.3163. There is no dispute in this matter that (1) Defendant voluntarily filed a certification pursuant to MICH. COMP. LAWS § 500.3163(2); (2) the accident arose out of the operation and ownership of a motor

vehicle as a motor vehicle by a nonresident insured by Gore Mutual; and (3) Montgomery is a Michigan resident. The issue in dispute concerns whether the statutory cap in subsection (4) applies to Montgomery who is a Michigan resident. This is an issue of first impression in this Court.

In *Tevis v. Amex. Assur. Co*., 283 Mich. App. 76, 770 N.W.2d 16 (Mich. Ct. App. 2009), the Michigan Court of Appeals considered whether an out-of-state insurer of an out-of-state vehicle was the highest priority insurer for payment of PIP benefits to a Michigan motorcyclist injured in an accident involving the out-of-state vehicle. *Id*. at 79. The *Tevis* plaintiff did not have no-fault insurance, but his parents, with whom he resided, had no-fault insurance through Geico. *Id*. The plaintiff filed suit when Geico and the out-of-state insurer both refused to pay PIP benefits. *Id.* It was undisputed that the out-of-state insurer had filed a certificate pursuant to § 3163. *Id.* Thus, the *Tevis* court had to determine whether MICH. COMP. LAWS § 500.3163 applied when a Michigan resident was injured. *Id*. at 83. The *Tevis* court reviewed the language of § 500.3163 and noted that the statute permitted an out-of-state insurer to "file a certification that *any* accidental bodily injury or property damage occurring in Michigan and arising from the ownership of a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies is subject to the" No-Fault Act. *Id*. at 83 (emphasis in original). The *Tevis* court held:

> There is no language limiting an out-of-state insurer's liability only to situations where the accidental bodily injury is sustained by its insureds, nor is there any restriction on the application of the no-fault act. Instead, the above language unequivocally subjects the out-of-state insurer to the entire Michigan personal and property insurance system when any accidental bodily injury arising from an out-of-state insured's ownership or use of a motor vehicle occurs.

*Id*. at 84. Thus, the *Tevis* court concluded that "the Legislature clearly contemplated that persons other than an out-of-state insurer's insureds may have a right to recover benefits from the out-of-state insurer." *Id*. at 85. As such, the *Tevis* court found that §500.3163 applied to a Michigan resident claimant and that the out-of-state insurer, as the insurer of the owner of the vehicle involved in the accident was the priority insurer for the plaintiff's claim for PIP benefits. *Id.* at 85-86. However, the *Tevis* court did not address subsection (4)'s $500,000.00 cap and whether it applied to the plaintiff.

Thus, reviewing the plain language of the statute, it would appear that while the Legislature intended insureds and claimants who are injured in an accident involving a vehicle insured by an out-of-state insurer to receive PIP benefits pursuant to the No Fault Act, the Legislature also intended to cap the benefits owed to the non-resident insured. The Legislature specifically identified only out-of-state insureds in the section concerning the statutory cap.

> (3) *Except as otherwise provided in subsection (4)*, if a certification filed under subsection . . . (2) applies to accidental bodily injury . . . the insurer and its *insureds* . . . have the rights and immunities under

> this act . . . and *claimants* have the rights and benefits of personal and property protection insurance claimants . . . .
> (4) *If an insurer of an out-of-state resident is required to provide benefits . . . to that out-of-state resident . . .* the insurer is only liable for the amount of ultimate loss sustained up to $500,000.

MICH. COMP. LAWS § 500.3163(3)-(4). If the Legislature intended the statutory cap to apply to Michigan resident claimants, it would have identified these individuals as it did in subsection (3).

Defendant acknowledges that "the language of subsection (4) appears to imply that the $500,000 cap only applies to nonresidents by including the phrase "to that out-of-state resident," but argues that this interpretation would be nonsensical. Defendant asserts that applying this section to non-residents only would create a situation where a Michigan resident could receive unlimited benefits from an out-of-state insurer, but an out-of-state insurer's liability to a nonresident insured would be capped at $500,000.00. Defendant also argues that such a result is problematic because a Michigan insurer's liability for a resident's benefits are capped at $500,000 pursuant to MICH. COMP. LAWS § 500.3104. Yet, Plaintiff points out that had the Legislature wanted to apply the cap to Michigan residents, it would have indicated this by identifying said residents in subsection (4).

However, the Michigan Court of Appeals decision in *Diallo v. LaRochelle*, 310 Mich. App. 411 (Mich. Ct. App. 2015), appears to support Defendant's

position, although the specific issue before this Court was not before the *Diallo* court. The *Diallo* court was tasked with determining whether the statutory cap of subsection (4) applied to bar the plaintiff, a Georgia resident's, claims. Upon review of the language in § 500.3163(4), the *Diallo* court found that "if an insurer of a nonresident is required to provide benefits under the no-fault act pursuant to MCL 500.3163(1) and (3), then the insurer is liable for an amount no greater than $500,000." *Id*. at 424. Additionally, the court held that "[i]f an insured person or a claimant has economic losses that would have been paid under MCL 500.3163(4) as personal protection insurance benefits but for the $500,000 limit, that person may bring an action in tort under MCL 500.3153(3)(d) for the amount of economic loss above the $500,000 limit unless the damages are recoverable from other sources." *Id*. at 424-25. Thus, it appears that the *Diallo* court supports Gore Mutual's position, namely that subsection (4) applies to any liability an out-of-state insurer may have under subsection (3), including liability to its insureds or claimants regardless of their status as a Michigan resident or as a nonresident.

Plaintiff argues that the issue before this Court has already been resolved in Plaintiff's favor in *Kingsway General Ins. Co. v. Austin*, No. 08-12123, 2008 U.S. Dist. LEXIS 107480 (E.D. Mich. Dec. 8, 2008). In *Kingsway*, a Michigan resident was struck by a Canadian truck which was insured by a Canadian insurer that filed a § 3163 certification. The Canadian insurer argued that it did not have

to pay benefits to the Michigan resident because § 500.3163 only requires payment of PIP benefits to non-Michigan residents injured in an accident in Michigan. *Id.* at *7. The *Kingsway* court rejected this argument and held that § 3163 "requires the payment of benefits to both Michigan and non-Michigan residents." *Id.* at *11.

Plaintiff argues that because the Canadian insurer in *Kingsway* had paid nearly $2,000,000.00 in PIP benefits and the court held that the out-of-state insurer was required to pay the benefits to the Michigan resident, "the Court clearly found that the $500,000 cap contained in MCL 500.3163(4) did not apply." Plf.'s Br. at 26. However, the *Kingsway* court was not presented with any argument concerning the $500,000 cap in subsection (4). Moreover, Defendant argues that subsection (4) was not in effect at the time of the January 13, 2003 accident at issue in *Kingsway* because § 500.3163 was amended effective March 31, 2003. The amendment added the $500,000 cap, which is now subsection (4).

Gore Mutual also argues that the Legislative history supports its position. However, Gore Mutual has only provided the Court with a Legislative Analysis of Bill 1164 before it became subsection (4). *See* Mot. Summ. J., Ex. 8. The report suggests that the Legislative intent was to protect the solvency of out-of-state insurers because they are not members of the Michigan Catastrophic Claims Association (MCCA) and do not receive reimbursement from the MCCA for claims in excess of the $500,000 statutory limit similar to Michigan insurers. Yet,

a review of this report suggests that the Legislature did not intend to extend the $500,000 cap in what is now subsection (4) to Michigan residents. *Id.* ("It has been proposed that one way to protect the solvency of auto insurers would be to cap the amount of medical benefits an insurer would be liable for *to an out-of-state claimant* to the retention limit applicable at the time of the accident." "The bill would amend the insurance code to cap the amount that an insurance company would be responsible to pay for medical benefits for out-of-state claimants . . . .").

Based on the foregoing considerations, the Court concludes the unambiguous language of MICH. COMP. LAWS § 500.3163(4) limits PIP benefits owed to an out-of-state insured to $500,000. As such, Gore Mutual is not entitled to summary judgment in its favor.[2]

---

[2] Plaintiff also argues that if this Court determines that the $500,000 cap in subsection (4) applies to his claim for PIP benefits, Defendant should be estopped from limiting Plaintiff's benefits because Defendant represented to Plaintiff that if he selected Michigan coverage, such coverage would be unlimited. See Plf.'s Resp., Ex. 1. Because the Court concludes that subsection (4)'s statutory cap is inapplicable to Plaintiff, the Court will not address Plaintiff's equitable estoppel argument.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion for Summary Judgment [#12] is DENIED.

SO ORDERED.

Dated: August 28, 2019

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 28, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager