UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MONTGOMERY,

        Plaintiff,

v.

Case No.: 19-10130
Honorable Gershwin A. Drain

GORE MUTUAL INSURANCE
COMPANY,

        Defendant.
_____/

## OPINION AND ORDER DENYING MOTION FOR CERTIFICATION OF STATE LAW ISSUE TO THE MICHIGAN SUPREME COURT [#24] AND CANCELLING HEARING

### I. INTRODUCTION

On August 28, 2019, this Court entered an Order denying Defendant's Motion for Summary Judgment in this PIP benefits action. In its Motion for Summary Judgment, Defendant Gore Mutual Insurance Company argued that the $500,000 statutory cap set forth in MICH. COMP. LAWS § 500.3163(4) applies to Plaintiff James Montgomery's claim for PIP benefits even though he is a Michigan resident. The Court rejected Defendant's argument and concluded that the plain and "unambiguous language of MICH. COMP. LAWS § 500.3163(4) limits PIP benefits owed to an out-of-state insured to $500,000." Thus, the statutory cap in

section 3163(4) is inapplicable to Plaintiff's claim for PIP benefits because Plaintiff is a Michigan resident.

Now before the Court is the Defendant's Motion for Certification of State Law Issue to the Michigan Supreme Court, filed on August 30, 2019. Plaintiff filed a Response on September 17, 2019. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Defendant's present motion on the briefs and will cancel the hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will deny Defendant's Motion for Certification of State Law Issue to the Michigan Supreme Court.

**II. LAW & ANALYSIS**

Pursuant to Local Rule 83.40, this Court "may certify an issue for decision to the highest Court of the State whose law governs its disposition" when "the issue certified is an unsettled issue of State law, and the issue certified will likely control the outcome of the federal suit, and certification of the issue will not cause undue delay or prejudice." E.D. Mich. L.R. 83.40(a). "The decision whether or not to utilize a certification procedure lies within the sound discretion of the district court." *Southfield Educ. Assoc. v. Board of Educ. of the Southfield Public Schs.*, 319 F. Supp.3d 898 (2018 (quoting *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995)). However, "certification is disfavored when it is

sought only after the district court has entered an adverse judgment." *State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 194 (6th Cir. 2015). It is well settled that "the appropriate time for a party to seek certification of a state-law issue is before, not after, the district court has resolved the issue." *Id.*

"The decision to pursue certification is most appropriate when the question is new and state law is unsettled." *Id.* (internal quotation marks omitted). Yet a district court should "not trouble [its] sister state courts every time an arguably unsettled question of state law comes across [its] desk[]." *Id.* When a reasonably clear and principled course is seen, the district court may follow it without resort to the certification procedure. *See Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) ("The state court need not have addressed the exact question, so long as well-established principles exist to govern a decision.")

Here, the issue of whether the statutory cap in MICH. COMP. LAWS § 500.3163(4) applies to Michigan residents has never been addressed by the Michigan courts. It is therefore an issue of first impression in Michigan. However, well established principles governing statutory interpretation exist that render certification unwarranted.

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. *Douglas v. Allstate Ins. Co.*, 492 Mich. 241, 255-56; 821 N.W.2d 472 (2012). "The first criterion in

3

determining intent is the language of the statute." *Tevis v. Amex. Assur. Co.*, 283 Mich. App. 76, 81; 770 N.W.2d 16 (Mich. Ct. App. 2009). "If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written." *Id*.

Here, the Legislature specifically identified only out-of-state insureds in the section concerning the statutory cap.

> (3) *Except as otherwise provided in subsection (4)*, if a certification filed under subsection . . . (2) applies to accidental bodily injury . . . the insurer and its *insureds* . . . have the rights and immunities under this act . . . and *claimants* have the rights and benefits of personal and property protection insurance claimants . . . .
> (4) *If an insurer of an out-of-state resident is required to provide benefits . . . to that out-of-state resident* . . . the insurer is only liable for the amount of ultimate loss sustained up to $500,000.

MICH. COMP. LAWS § 500.3163(3)-(4). If the Legislature intended the statutory cap to apply to Michigan resident claimants, it would have identified these individuals as it did in subsection (3).

Accordingly, because this Court followed well-established principles governing statutory construction in reaching its decision, "troubl[ing] our sister courts" with this issue is unwarranted. *Pennington*, 553 F.3d at 450. This fact, coupled with Defendant's failure to seek certification prior to this Court's decision on the issue, render certification inappropriate. *Hargis*, 785 F.3d at 194 (noting that the "certification is disfavored when it is sought only after the district court has entered an adverse judgment.").

Moreover, the other factors this Court must find in order to certify the issue do not support certification. Plaintiff raised two arguments in opposition to summary judgment. Plaintiff argued that the statutory cap in MICH. COMP. LAWS § 500.3163(4) was inapplicable to Michigan residents. Plaintiff also argued in the alternative that Defendant is estopped from relying on the statutory cap in section 3163(4) because Defendant represented to Plaintiff that if he selected coverage under Michigan's No-Fault Act, it would be "unlimited." The Court did not reach the estoppel issue when it denied Defendant's Motion for Summary Judgment. As such, even if this Court certified the issue of whether the $500,000 cap applies to Michigan residents, this would not necessarily control the outcome of this case if Plaintiff is able to establish the elements of his estoppel argument. Lastly, certification will lead to further delay and will prejudice the Plaintiff, who has been denied PIP benefits for nearly two years.

## III. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion for Certification of State Law Issue to the Michigan Supreme Court [#24] is DENIED.

SO ORDERED.

Dated: October 21, 2019    /s/Gershwin A. Drain
　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 21, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager